FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL D. DEARMIN, a single person,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF CLE ELUM, a Washington municipal corporation,<br><br>  Defendant. | No. 1:23-CV-03165-SAB<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** |

  Before the Court are Defendant's Motion for Summary Judgment, ECF No. 51, and Plaintiff's Motion for Partial Summary Judgment, ECF No. 60. A hearing on the motion was held on March 25, 2025. Plaintiff was represented by James Carmody. Defendant was represented by Kenneth Harper.

  Plaintiff is bringing this action pursuant to the Fifth Amendment takings clause of the U.S. Constitution, U.S. Const. Amend. V, and Article I, Section 16 of the Washington Constitution seeking compensation for the loss of direct access points to his commercial property after the City of Cle Elum completed the First Avenue Downtown Revitalization Project. He asserts his due process rights were violated, and City employees trespassed and committed waste when they came onto his property and removed fencing, retaining walls, and gates, as well as the access points.

  Both parties filed Motions for Summary Judgment. Plaintiff asks the Court

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~1**

to grant summary judgment on his due process claim and his trespass/waste claim. Defendant moves for dismissal of all the claims asserted by Plaintiff.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

In considering cross motions for summary judgment, the court views the evidence for each of the motions "in the light most favorable to the nonmoving party" for that motion and determines "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~2**

substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

Whether government action has damaged the landowner's right of access to require compensation is normally an issue of fact to be determined by the trier of fact. *Keiffer v. King Cnty.*, 89 Wash.2d 369, 374 (1977). However, summary judgment is properly granted in a case where no reasonable factfinder could find there has been a substantial impairment of access. *Id.*

## Background Facts

Over the past decade, the City of Cle Elum, Washington began a downtown revitalization project. In 2023, the City commenced work on Phase 3C of the project. The project was intended to improve the streetscape, sidewalks and landscaping through the downtown corridor. The project involved constructing bulb-outs at intersections along East First Street, which runs through downtown Cle Elum. It is also known as State Route 903.

Plaintiff owns real property at 102 East First Street in Cle Elum ("the Property"). It is situated at the southeast corner of East First Street and North Pennsylvania Avenue and had direct access to Pennsylvania Avenue and First Street. The access points allowed for vehicle access from the public streets that was sufficient to accommodate larger fuel delivery and service trucks. Plaintiff had fenced the parcel and installed gates at the three access points.

Plaintiff asserts the City started planning for the removal of his access to East First Street and Pennsylvania Avenue three years prior to the 2023 phase of the project. In 2020, Plaintiff met with City representatives and was told the plan included replacing both First Street driveways with a full height curb, sidewalk, planters and lighting and moving the Pennsylvania Street access further south. Plaintiff objected. He discussed various options with City representative, but no agreement was made. A couple of years passed without any communication. During that time, the City proceeded with preparation of construction and

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~3**

engineering plans for Phase 3C. Specifically, a Demolition Plan was developed for the Property that included removal of existing fences, gates, and retaining walls located within the boundaries of the Property.

Plaintiff was not notified about the Demolition Plan. Instead, on June 13, 2023, Plaintiff learned that the project was moving ahead and contacted the City representatives. He spoke with the City Public Works Director and told the Director that he objected to any construction activity on the Property. He received no written or verbal response.

In early July 2023, the City began its work on the Property. Plaintiff was out of town. His counsel asked to pause the project, but the City continued to work on the project. The Property's East Pennsylvania Avenue access point was moved 20 feet to the south. Both access points to East First Street were removed. A new access point to the Property was constructed using the adjacent alley on the east. Existing fencing and gates along East First Street and Pennsylvania Avenue were removed. The retaining wall and fencing along the eastern portion of the Property were cut and removed. The City placed new gates and fencing on the Property.

## Legal Framework

### A. Takings

The Takings Clause of the Fifth Amendment to the United States Constitution, U.S. Const. Amend. V, and Article I, Section 16 of the Washington Constitution prohibits governments from taking private property for public use without just compensation. When the government physically acquires private property for a public use, the Takings Clause imposes a clear and categorical obligation to provide the owner with just compensation. *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 148 (9th Cir. 2021). Simply stated, the government must pay for what it takes. *Id.* The Just Compensation Clause does not limit governmental interference of property rights per se, but rather it places a condition on the exercise of that power. *Id.* "Thus, government action that works a taking of

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~4**

property rights necessarily implicates the constitutional obligation to pay just compensation." *Id*. (quotation omitted).

While the typical taking occurs when the government acts to condemn property in the exercise of its power of eminent domain, inverse condemnation recognizes that a taking may occur without such formal proceedings. *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 316 (1987).

A partial taking occurs where the government takes only a portion of the landowner's property. *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999). "If the value of the remaining land, on a unit basis, diminishes when the condemned parcel is removed from the larger whole, the landowner is entitled to compensation 'both for that which is physically appropriated and for the diminution in value to the non-condemned property.'" *Id.* (quoting *U.S. v. 33.5 Acres, Okanogan Cnty.*, 789 F.2d 1396, 1398 (9th Cir.1986)). If the taking benefits the remainder, the benefit may be set off against the value of the land taken. *Id.* (quotation omitted).

### B. Due Process

The Due Process Clause of the Fourteenth Amendment imposes constraints on governmental decisions that deprive individuals of "liberty" or "property" interests. *Mathews v. Eldrige*, 424 U.S. 319, 332 (1976). The fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* at 333. "The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *Id.* (quotation omitted).

A city or county is required to provide due process if it deprives an individual of a protected property interest. *Harris v. County of Riverside*, 904 F.2d 497, 503 (9th Cir. 1990). In determining whether a county or municipality is

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~5**

required to comply with due process, the Court must answer two questions: (1) whether the City's decision was the type of government action to which due process applies; and (2) whether the City's decision deprived the individual of a protected property interest. *Id.* Courts have recognized there is a right to a pre-deprivation hearing when a relatively small number of persons are concerned, who are exceptionally affected. *Id.*

"Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). In determining whether a pre-deprivation hearing is required, the Court looks to the factors set forth in *Mathews*: (1) the private interest that will be affected by the private action; (2) the risk of an erroneous deprivation of such interest through the procedures used, (3) the probable value, if any of additional or substitute procedural safeguards; and (4) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335.

### C. Trespass / Waste

Under Washington law, a "trespass" is any intentional invasion of an individual's interest in the exclusive possession of property. *Lavington v. Hillier*, 22 Wash. App.2d 134, 148 (2022) (citation omitted). Washington's trespass statue provides liability for three types of conduct by a person who goes onto the land of another: "(1) removing valuable property from the land, (2) wrongfully causing waste or injury to the land, and (3) wrongfully injuring personal property or real estate improvements on the land." *Ofuasia v. Smurr*, 198 Wash. App. 133, 147 (2017) (quotation omitted); *see also* Rev. Code Wash. § 4.24.630(1). Under the statute, "a person acts 'wrongfully' if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act." § 4.24.630(1). "A trespass differs from a taking in that to constitute a taking, the intrusion must be chronic and not merely a

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~6**

temporary interference which is unlikely to recur." *Phillips v. King County*, 136 Wash.2d. 946, 857 n.4 (1998).

### Plaintiff's Motion for Summary Judgment

Plaintiff asserts the City deprived him of a cognizable property interest without due process of law when it failed to provide him a pre-deprivation hearing before moving his access points, and removing his gates, fencing, and retaining wall. The Court agrees. The record is clear that the City followed an unusual and unconstitutional process of "take now, and pay later (maybe)." The U.S. Constitution does not work that way.

Because of its exceptional effect on Plaintiff as a specific, identifiable individual, the City's project is the type of government action that is subject to procedural due process constraints. *See Harris*, 904 F.2d at 503. Second, there are no questions of material fact regarding the efforts taken by the City to provide Plaintiff with notice and opportunity to be heard, once it decided to move forward with Phase C of the Downtown Beautification Project. There were none.

Here, no reasonable trier of fact would find that it would have been impracticable to either initiate condemnation proceedings or hold even an informal hearing to allow Plaintiff to present alternatives to the proposed Demolition Plan and removal of access points. The Demolition Plan clearly anticipated that Plaintiff's property would be impacted. A reasonably trier of fact could only conclude that the City of Cle Elum violated Plaintiff's due process rights by failing to provide him some type of hearing prior to moving his access points, and removing his gates, fencing, and retaining wall. As such, summary judgment in favor of Plaintiff is appropriate with respect to his Due Process claim. The issue of damages is reserved for the bench trial.

On the other hand, genuine issues of material fact regarding the City's actions in removing the fencing, gates, and retaining wall exist that precludes summary judgment on Plaintiff's trespass / waste claim.

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~7**

**Defendant's Motion for Summary Judgment**

Defendant City of Cle Elum is asking the Court to dismiss all of the claims asserted by Plaintiff. At the heart of Defendant's arguments is that Plaintiff lacks admissible evidence on the diminution of fair market value of the Property. The Court previously denied Defendant's Motion to Strike Plaintiff's Declaration. ECF No. 81. Plaintiff's Declaration creates a genuine issue of material fact surrounding the issue of just compensation. As such, summary judgment on Plaintiff's taking claims is not appropriate. Moreover, for the reasons stated above, summary judgment on Plaintiff's remaining claims is not warranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 51, is **DENIED**.

2. Plaintiff's Motion for Partial Summary Judgment, ECF No. 60, is **GRANTED**, in part. Summary judgment in favor of Plaintiff and against Defendant is granted on Plaintiff's procedural due process claim.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 31st day of March 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 8**